## AMERICAN SODA–FOUNTAIN CO. v. SWIETUSCH.

(Circuit Court of Appeals, Seventh Circuit. January 3, 1898.)

### No. 378.

1. PATENTS—REISSUES—ENLARGEMENT OF CLAIMS—INADVERTENCE.
   Where both the recitals and claims of a patent for an improvement in soda-water fountains clearly and unmistakably referred to the style of apparatus having vertical syrup cans, and the claims mentioned only vertical cans, held, that a subsequent reissue, which included both vertical and horizontal cans, was void for improper enlargement of the claims, where the same were thereby made to cover a new device, invented and placed upon the market in the meantime by another, and that the testimony of the solicitor that in using the word "vertical" in the original he had in mind merely the form of apparatus in which the cans were inserted from above, as distinguished from that in which they were inserted from in front, by sliding in like a drawer, was not a sufficient showing of inadvertence, accident, or mistake.

2. SAME—APPLICATION FOR REISSUE—LACHES.
   Lapse of time is only one of the elements to be considered on an application for reissue, and the fact that such an application is made less than ten months from the issuance of the original will not warrant the insertion of claims deliberately omitted, without inadvertence, from the original, and where adverse rights have intervened. Coon v. Wilson, 5 Sup. Ct. 537, 113 U. S. 268, applied.

3. SAME—INTERVENING RIGHTS.
   One having actual, as distinguished from constructive, notice of an original patent, is not thereby chargeable with notice of all the possibilities of reissue, so as to make unavailable in his behalf the doctrine of intervening rights of one making devices covered by the reissue, but not by the original patent.

4. SAME—SODA-WATER APPARATUS.
   Reissue No. 11,313, to Park, as assignee of Herron (original No. 452,754), for an improvement in soda-water apparatus, is void for unwarranted enlargement of the claims.
   75 Fed. 573, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Wisconsin.

This was a suit in equity by the American Soda-Fountain Company against Otto Swietusch for alleged infringement of a reissued patent for an improvement in soda-water apparatus. In the circuit court the bill was dismissed for want of equity. See 75 Fed. 573, where the opinion is reported in full, together with a complete statement of the facts. From this decree the complainant has appealed.

Ephraim Banning, for appellant.
Philip C. Dyrenforth, for appellee.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

PER CURIAM. We approve the opinion and decision of the court below. The only new consideration urged upon our attention is a passage from the opinion of the circuit court of appeals for the Ninth judicial circuit in Gaskill v. Myers, 26 C. C. A. 642, 81 Fed. 854–858, where it is said:

"Nor does the fact that, intermediate the issuance of the original patent and the application for the reissue, a patent was granted to F. E. Browne for an appliance for heating, illuminating, or culinary purposes, defeat the reissue. That Browne was aware of the complainant's original patent is manifest from this statement in his specification." And, after quoting the statement: "Browne thus substituted for the metal base ring of the Myers patent a base ring of wood or other non-heat-conducting material, and added a heat deflecting drum on top. With these exceptions, the first claim of the complainant's original patent, which is the same as the fifth claim of the reissue, covered the construction for which Browne's patent was issued."

On the strength of this it is contended here that the doctrine of intervening rights, illustrated in Coon v. Wilson, 113 U. S. 268, 5 Sup. Ct. 537, is not available to one who, when making the devices covered by the reissue, but not by the original patent, had actual knowledge of the original. The proposition, if its full significance be considered, is offensive to the sense of justice, is not in harmony with established principles touching the correction of mistakes in other instruments, deeds, or contracts. recorded or unrecorded, and, if sanctioned, would produce a needless, if not inexplicable, confusion concerning the force in equity of actual and of constructive notice. Every one is constructively bound with notice of the issue of a patent, and, if actual notice of the original issue is to be regarded as binding the possessor of that knowledge with notice of all the possibilities of reissue, consistency requires that the same effect be allowed to that constructive notice which all are bound to take of the issue of a patent; and, that being so, there can be no protection for interveners in an art against a subsequent reissue of a patent, except by license or by conditions which amount to an equitable estoppel. No such meaning is expressed in, or can be fairly implied from, the opinion in Gaskill v. Myers. The significance of the statement there made "that Browne was aware of the complainant's original patent" is that he had knowingly appropriated the substance of the invention, and would be held to be an infringer of the reissued claims, notwithstanding the omission of trivial features originally claimed, which manifestly constituted no part of the invention. In that case, too, there was no change whatever in the specification. In this case

a change was introduced, which was not only different from, but essentially inconsistent with, the original specification.

. The argument of the appellant on the question of reissue proceeds on the unwarranted assumption that "the provision for inserting the syrup cans from below, and the interior mechanism for afterwards holding them in fixed elevated position above the bottom," were both "broadly new in the Herron invention." Broad novelty cannot be conceded to such a conception, any more than to the first conception of an outside door into the basement of a house, or like provision for entrance into the interior through the lower parts of any other structure. It is equally manifest that there is nothing broadly new in the mechanism for holding the cans, after introduction into the chamber, in a fixed elevated position. The decree below is affirmed.